UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
                                            :
Jon Q. Wright, an individual;               :    Case No.: 1:22-cv-04132-CBA-JRC
                                            :
                                            :
                                            :
                    Plaintiff,              :
    v.                                      :
                                            :
                                            :
                                            :
"R B MIAH", an individual, Does 1-10        :
                                            :
                                            :
                    Defendant.              :
                                            :
_____ :

**MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER**

Plaintiff respectfully requests that the Court extend the Temporary Restraining Order (TRO) for a period of fourteen days.

1. **Good Cause to Extend the Temporary Restraining Order Exists**

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry–not to exceed 14 days–that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). While the Rule does not define "good cause," the "Court considers as relevant the same factors as are relevant to whether to grant a TRO in the first place." *Herrick v. Grindr, LLC*, No. 17-CV-932 (VEC), 2017 WL 744605, at *2 (S.D.N.Y. Feb. 24, 2017) citing *Flying Cross Check, LLC v. Cent. Hockey League, Inc.,* 153 F. Supp. 2d 1253, 1261 (D. Kan. 2001); Charles Alan Wright & Arthur R. Miller, 11A Federal Practice & Procedure § 2953 (3d ed. 2016).

Plaintiff respectfully refers to its Motion for a Temporary Restraining Order (Dkt #4) for the full scope of its arguments concerning the factors as to why the Temporary Restraining Order in the first place. In brief summary, Defendant has infringed multiple copyrighted works of art created and owned by Plaintiff. The likelihood of success on the merits is unquestionable as the infringing listings on etsy.com contained artwork that were direct copies of Plaintiff's works of art. The balance of hardships decidedly favors Plaintiff as allowing Defendant to continue operating its illicit storefront, earn ill-gotten profits, and further avoid liability. The public at large would also benefit from the extension of the temporary restraining order. Individuals would continue purchasing digital designs believing that Defendant is the rightful owner or license holder of the art work. In sum, Plaintiff would be irreparably harmed if Defendant would be allowed to resume its business operations as there may no way of finding Defendant. Defendant's email addresses are effectively suspended and once that suspension is lifted, he could easily create a new storefront using the same email addresses.

Moreover, the Court in the Western District of New York found good cause to extend the TRO for an additional 14 days in order for the Defendant in that case to establish subject matter jurisdiction. It was determined that "the extension maintain[ed] the findings of the state court, prevent[ed] irreparable harm to Plaintiffs, while giving Defendants time to establish subject matter jurisdiction so that they may thereafter challenge the TRO. *Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-CV-351-FPG, 2018 WL 1428254, at *4 (W.D.N.Y. Mar. 22, 2018).

In another matter, the Court in the Southern District of New York found "good cause" under Rule 65(b)(2) to extend the temporary restraining order for a short period of time so that Defendants could be afforded more time to respond to the Motion for a Preliminary Injunction. See *Antsy Labs LLC v. Individuals, Corps., Ltd*., et. al.,  No. 1:21-CV-09899-MKV, 2021 WL

5967613 *1 (S.D.N.Y. Dec. 16, 2021), referencing ECF No. 18 of that same matter. There, the Plaintiff advised the Court that it was only able to effectuate service the day before the hearing.

While subject matter jurisdiction is not at issue here, Defendant must still be served with a copy of the Summons. As explained to the Court earlier, due to an oversight by Plaintiff's Counsel, a proposed summons was not submitted to the Clerk of Court, and therefore a Summons was not sent to Defendant. **Nevertheless, the Defendant did in fact receive a copy of the TRO, the Complaint, and the accompanying Exhibits.** Defendant was fully aware of its obligations under the TRO and nonetheless made no efforts to respond to any of my communications or otherwise object to the TRO. Plaintiff submits that good cause exists to remedy an unintentional and harmless error by Plaintiff's counsel. Extending the TRO would ensure that the status quo is preserved and allow Defendant an additional opportunity to oppose the issuance of a preliminary injunction.

As a final note, the Summons was issued by the Clerk of Court while this Motion was drafted. To that end, Plaintiff's counsel will immediately send to Defendants a copy of the Summons, Complaint, TRO, as well as the instant motion.

For the foregoing reasons, it is respectfully submitted that good cause exists and that the Temporary Restraining Order be extended for fourteen days.

                                                       Respectfully submitted,

Date:  July 29, 2022

                                By:   */s/ Dmitry Lapin*

                                            Dmitry Lapin, Esq.
                                            Axenfeld Law Group, LLC
                                            2001 Market Street Suite 2500
                                            Philadelphia, PA 19103
                                            dmitry@axenfeldlaw.com
                                            917-979-4570

                                            *Attorney for Plaintiff Jon Q. Wright,*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Plaintiff's Motion to Extend the Temporary Restraining Order was sent via email to Defendant R B Miah at forestanderson905685@gmail.com; lilahbren3286294@gmail.com and teodoraverlindenvuq79@gmail.com on July 29, 2022.

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
2001 Market St., Suite 2500
Philadelphia, PA 19103
Dmitry@axenfeldlaw.com
917-979-4570

Attorneys for Plaintiff

.