UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Jon Q. Wright, an individual;

                Plaintiff,

v.

"R B MIAH", an individual, Does 1-10

                Defendant.

Case No.: 1:22-cv-04132-CBA-JRC

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE

Plaintiff Jon Q. Wright ("Plaintiff") by his attorneys Axenfeld Law Group, LLC, hereby moves this Court pursuant to 18 U.S.C. 401 for an Order holding non-party Etsy, Inc. ("Etsy") in contempt of court for failure to comply with specific provisions of the Court's Temporary Restraining Order ("TRO") dated July 15, 2022.

## FACTS

This case involves the copyright infringement of Etsy user R B Miah, by and through Etsy's online service platform, www.etsy.com. In brief summary, Etsy was restrained from "…transferring…or paying Defendant's assets from or to Defendant's financial accounts until further ordered by this Court." (See Dkt #6 ¶2(a)). Further, Etsy was to locate and attach Defendant's assets, as held by Etsy, Inc., and provide written confirmation of such attachment to Plaintiff's counsel (*Id.* at ¶4). Etsy first received notice, via email, of the TRO on Friday July 15, 2022, after business hours. A hard copy of the TRO was then delivered on Monday July 18, 2022.

Etsy then confirmed receipt of the TRO on Tuesday July 19, 2022. Etsy provided a preliminary response to the TRO on July 21, 2022 wherein it was clearly indicated that Defendant's assets were being held by Etsy in compliance with the TRO. When Etsy supplemented its response on July 28, 2022[1], Etsy indicated that the assets were not actually frozen, and Defendant was able to withdraw the those funds into the United Kingdom. Despite clear notice of its requirements under the TRO, Etsy failed to freeze Defendant's assets. It is clear that Etsy was not reasonably diligent in freezing the assets of a single user, even though it had ample opportunity to do so.

## ARGUMENT

1. **Legal Standard**

It is well established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt," *In re Martin–Trigona*, 732 F.2d 170, 173 (2d Cir.1984) (quoting *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)) (internal quotation marks omitted), and thus can sanction an individual or entity that fails to comply with the court's orders when certain conditions are met. The Court is empowered to enforce compliance with its orders through civil contempt. Specifically, "a court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

Generally, a contemnor may be held in civil contempt for failure to comply with a court order if: (1) the court's order is clear and unambiguous; (2) the evidence of the contemner's noncompliance is clear and convincing; and (3) the contemnor did not diligently attempt to comply

---

[1] Etsy was required to provide a written summary to Plaintiff's counsel containing information concerning Defendant's storefront, financial accounts, etc., within five business days of receipt of the TRO. For all intents and purposes, the TRO was received on Monday July 18, 2022. Etsy's written summary was not actually delivered until July 28, 2022 at approximately 8:20PM.

in a reasonable manner. *See Leser v. U.S. Bank Nat. Ass'n,* Not Reported in F.Supp.2d (E.D.N.Y. 2011) 2011 WL 1004708 *8 citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.,* 369 F.3d 645, 655 (2d Cir.2004); (quoting *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir.1995)). A showing of willfulness is not necessary. *Donovan v. Sovereign Sec. Ltd.,* 726 F.2d 55, 59 (2d Cir.1984) [emphasis added].

2. **The Court's Order is Clear and Unambiguous**

An order is clear and unambiguous where it is specific and definite enough to apprise those within its scope of the conduct that is being proscribed or required. *In re Baldwin-United Corp.*, 770 F.2d 328, 339 (2d Cir.1985)). Here, the language of the Order is specific and definite. The Court ordered that Etsy to refrain from "…transferring…or paying Defendant's assets from or to Defendant's financial accounts until further ordered by this Court." (See Dkt #6 ¶2(a)) and that Etsy was to locate and attach Defendant's assets, as held by Etsy, Inc., and provide written confirmation of such attachment to Plaintiff's counsel (*Id.* at ¶4).

Etsy confirmed receipt of the TRO on Tuesday July 19, 2022; however the electronic copy of the TRO was delivered on Friday July 15, 2022 and the paper copy of the TRO was delivered on July 18, 2022. Moreover, Etsy's initial response on July 21, 2022, clearly indicated that the Defendant's storefront was not only suspended, but that the assets were also frozen, or "on hold," as stated by Etsy. See Lapin Decl. Exhibit E. Etsy's own acts and statements show an understanding of the specific requirements under the TRO.

3. **There Is Clear and Convincing Evidence of Etsy's Failure to Comply with the TRO**

In the context of civil contempt, clear and convincing evidence means "a quantum of proof adequate to demonstrate to a 'reasonable certainty' that a violation has occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002). "Failures in meaningful respects to achieve

substantial and diligent compliance" provide sufficient grounds for civil contempt. *Casale v. Kelly*, Nos. 08-cv-2173(SAS), 05-Civ-5442(SAS), 2010 WL 1685582, at *6 (S.D.N.Y. Apr. 26, 2010) (quoting *Aspira of New York, Inc. v. Bd. of Educ. Of New York*, 423 F. Supp. 647, 649 (S.D.N.Y. 1976)). It is not necessary to show "scorn" or "willful disobedience" in order to establish civil contempt. *Aspira of New York, Inc.,* at 649; see also *Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 515-16 (S.D.N.Y. 2009). Plaintiff easily meets this burden.

Etsy's failure to freeze Defendant's assets is a meaningful failure. Beyond the fact that Etsy initially stated that Defendant's storefront and assets were "on hold" or frozen, its own email to Plaintiff's counsel on July 28, 2022, contains an admission that it did not actually freeze the Defendant's account or funds. See Lapin Decl. Exhibit **G**. There is no question that Etsy was aware of the TRO and its specific obligation to freeze Defendant's assets, yet despite indicating that the assets were frozen, the opposite was in fact true.

4. **Etsy Has Failed to Comply with a Key Provision of the TRO in a Reasonable or Diligent Manner**

Once it has been established that the relevant order is clear and unambiguous and that proof of noncompliance is clear and convincing, a party may be found in civil contempt if it has not attempted to comply in a reasonable manner and done so diligently. Stated another way, "there can be no finding of contempt if it has been shown that the alleged contemnor has been 'reasonably diligent and energetic in attempting to accomplish what was ordered." *Leadsinger v. Cole,* No. 05-CV-5606, 2006 WL 2266312, at *9 (quoting *Equal Employment Opportunity Comm'n v. Local 638,* 753 F.2d 1172, 1178 (2d Cir.1985). Reasonableness here is an objective standard, and the mere assertion of good faith is not a defense to civil contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); see also *Fortin v. Comm'r of Mass. Dep't of Pub. Welfare*, 692 F.2d 790, 796 (1st Cir. 1982).

Etsy's actions and inactions show that Etsy was neither energetic, reasonable, nor diligent in complying with the TRO. The fact that Etsy did not fully comply with its reporting requirements under the TRO until July 28, 2022, strongly speaks to its lack of diligence or reasonableness under the circumstances. While a delay of a few days would ordinarily not be of much consequence, this seemingly minor failure supports Plaintiff's position that it did not act diligently or reasonably to freeze Defendant's assets. If Etsy actually provided the written summaries by the required date, Etsy presumably, would have noticed that the assets were not actually frozen and taken action before Defendant could withdraw his funds on July 25, 2022. Under these circumstance, Etsy's delay and failure to act was unreasonable and resulted in a failure to maintain the *status quo* and otherwise prevent Plaintiff from any financial recovery. Etsy's complete failure proved Plaintiff's argument entirely – given the opportunity, Defendant will transfer the assets out of its Etsy account and into an international bank[2].

Moreover, the fact that Etsy could suspend Defendant's selling privileges within a few days of receiving the TRO and thereafter affirmatively stated that the limited assets were actually frozen, or in their words "on hold," shows that Etsy can easily and quickly accomplish the Court's Order to freeze Defendant's assets. Therefore, their "failure reflected their own lack of concentrated will to achieve substantial performance." *Aspira of New York, Inc.* at 651. Etsy possessed all necessary information to effectuate the asset freeze, and it certainly has the resources to quickly and efficiently administer the freeze, however it failed to so and Plaintiff is harmed as a result.

---

[2] "…it is a near certainty that Defendants would transfer and hide their ill-gotten funds outside of Etsy (and the U.S.) so as to avoid liability entirely." (See Dkt #4, pg 10)

5.  **The Final Contempt Order Should Impose Compensatory Sanctions**

After appropriate contempt proceedings, the Court should enter a Contempt Order that provides monetary relief for Etsy's failure to comply with the TRO. Civil contempt sanctions may serve to: (1) secure future compliance with the court's orders (a "coercive sanction"); and (2) compensate the wronged party (a "compensatory sanction.") See *Leser* at *10 quoting *Paramedics,* 369 F.3d at 657 (internal citations omitted). The compensatory goal of civil contempt sanctions is met by awarding the injured party "any proven damages," including attorneys fees and costs. *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996).

When deciding whether to award fees and costs to the sufferer of the contemnor's conduct, courts have focused on the willfulness of the contemnor's misconduct, however willfulness is "not necessarily ... a prerequisite to an award of fees and costs." *See Id.* To establish willful contempt, it must be shown that the "contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *Leadsinger,* 2006 WL 2266312, at *18 (quoting *New York State Nat'l Org. for Women v. Terry,* 952 F.Supp. 1033, 1043 (S.D.N.Y.1997), *aff'd,* 159 F.3d 86 (2d Cir.1998) (internal quotation marks omitted). Here it is clear that Etsy had actual notice of the TRO and the requirements to freeze Defendant's assets, was able to comply with it, did not seek to have it modified, and failed to make a good faith effort to comply with the asset freeze. In this circumstance, good faith effort can only be interpreted as Etsy actually freezing the assets -  as Etsy said it did.

Courts may also impose fines to secure future compliance with court orders. The court has "broad discretion to design a remedy" that will ensure compliance. See *Paramedics*, 369 F.3d at 657 (quoting *Perfect Fit Indus. v. Acme Quilting Co*., 673 F.2d 53, 57 (2d Cir.1982)). When imposing penalties for a coercive purpose, the following factors should be considered: (1) the

character and magnitude of the harm threatened by the party's continued noncompliance; (2) the efficacy of the sanction in bringing about compliance; and (3) the contemnor's ability to pay. *Id* at 658.

Here, Etsy's failure to freeze an infringer's assets, especially one located overseas, has great repercussions. Should it continue to fail to freeze an infringing user's assets, Plaintiff and other similarly situated U.S. copyright owners will effectively be left with no practical remedy or recovery. While the amount that should have been frozen was small – approximately $450 – future noncompliance can result in larger sums of money being transferred outside of Etsy, outside New York, and of course, outside the United States.

The imposition of monetary sanctions against Etsy in this circumstance would likely ensure that Etsy takes proactive measures to ensure future compliance. It is reasonable to believe that the he aforementioned noncompliance can be easily remedied through an examination of current protocols and the establishment of clear cut procedures to ensure assets are actually frozen. Lastly, Etsy unquestionably has the ability to pay the sanctions, based simply on the size and scope of its operation across the globe.

6. **The Court Should Impose a Monetary Sanction of $1,677.96**

In light of the foregoing, it is reasonable under the circumstances that Etsy pay to Plaintiff as compensatory damages of at least $1,677.96. The sanction achieves both goals of compensating Plaintiff while taking coercive measures to ensure future compliance with similar Court orders. The requested amount is comprised of the approximately $447.96 that should have been frozen[3], plus $1,230.00 in attorney's fees. If the $447.96 was actually frozen, Plaintiff would surely have

---

[3] There is a question as to whether the amount that was to be held by Etsy is in EUR or GBP. Compare Exhibits D and X to Lapin, Decl., as both are used. As Defendant is a citizen of the U.K., the logical conclusion is that GBP is to be used for conversion purposes. The $447.96 USD figure was calculated using an online currency converter based on the market rate on July 29, 2022.

recovered said funds at the conclusion of the litigation. This assertion is supported by the undisputable facts in Plaintiff's Complaint, namely the exact and unlawful copying of numerous separately registered works of art by Defendant Miah.

Plaintiff's counsel is Senior Litigation Counsel for Axenfeld Law Group, LLC, a boutique firm specializing in the enforcement and protection of intellectual property rights. After eight years as a practicing attorney, I have developed specialized expertise and knowledge in the field copyright litigation, including Digital Millennium Copyright Act issues. As such, my standard rate for legal services is $300 per hour and in preparing and filing the instant motion, I expended a total of 4.1 hours, totaling $1,230.00. It is respectfully submitted that the attorneys' fees here are reasonable in light of the experience of counsel, the complexity of services at hand, as well as in comparison the market rate for similarly situated attorneys in the New York City area.

In the event that Etsy opposes this motion, it is requested that any additional attorneys' fees and costs incurred to reply to such opposition, or appear at oral arguments, also be awarded to Plaintiff.

[*remainder of page intentionally left blank*]

**Conclusion**

For the aforementioned reasons, the undersigned respectfully requests that the Court issue an Order to Show Cause as to why Etsy should not be found in contempt. In the event of Etsy's contempt, the undersigned recommends the imposition of sanctions that compensate Plaintiff, including the award of attorneys' fees and costs.

Respectfully submitted,

Date:  August 3, 2022

By:     */s/ Dmitry Lapin*

Dmitry Lapin, Esq.
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
dmitry@axenfeldlaw.com
917-979-4570

*Attorney for Plaintiff Jon Q. Wright,*