UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JON Q. WRIGHT,

                Plaintiff,

     -against-

R B MIAH, an individual, DOES 1-10,

                Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-4132 (CBA) (JRC)

**AMON, United States District Judge:**

On July 14, 2022, Plaintiff Jon Q. Wright ("Wright" or "Plaintiff") filed suit against defendant R B Miah ("Miah") and ten unidentified individuals ("Does 1-10"). Wright alleged violations of the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1201 et seq. (See generally ECF Docket Entry ("D.E.") # 1.) In light of Miah's failure to appear or otherwise defend this action, on September 6, 2022, the Clerk of Court entered a default against Miah. (D.E. # 24). This order arises out of Wright's October 3, 2022 motion for a default judgment against Miah.[1] (D.E. # 25.)

I referred Wright's motion to the Honorable James R. Cho, United States Magistrate Judge, for report and recommendation ("R&R"). On September 7, 2023, Magistrate Judge Cho issued an R&R recommending that the motion for default judgment be granted. (D.E. # 34 (the "R&R").) Specifically, Magistrate Judge Cho recommended that Miah be found liable for willful copyright infringement under the Copyright Act and willful violations of the DMCA. (R&R 33.) Magistrate Judge Cho also conducted an independent inquiry to determine the sum of damages, and further recommended that Wright be awarded damages of $385,000, consisting of $135,000 in statutory damages under 17 U.S.C. § 504(c)(1) of the Copyright Act, and $250,000 in statutory

---

[1] Plaintiff does not seek default against "Does 1-10," who were never identified or served.

damages under section 1203(c) of the DMCA, as well as $8,550 in attorney's fees and $402 in costs, for a total award of $393,952. (Id. 22-33) He also ordered third party Etsy, Inc. to pay Plaintiff a sum of $447.96, pursuant to my prior ruling on Plaintiff's Motion for Contempt.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R.

Accordingly, I grant Plaintiff's motion for default judgment, and award Wright the following relief:

- $385,000 in damages, consisting of $135,000 in statutory damages under 17 U.S.C. § 504(c)(1) of the Copyright Act, and $250,000 in statutory damages under section 1203(c) of the DMCA;
- $8,550 in attorney's fees; and
- $402 in costs.

This amounts to a total award of $393,952. Additionally, pursuant to my partial grant of Plaintiff's motion for civil contempt against third party Etsy, Inc., (see D.E. dated September 13, 2022), Etsy is ordered to pay Plaintiff a sum of $447.96.

SO ORDERED.

Dated: September **22**, 2023
      Brooklyn, New York

                                           s/Carol Bagley Amon
                                           Carol Bagley Amon
                                           United States District Judge

2